NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANTHONY L. MANNING, | No. 21-15501 |
| Plaintiff-Appellant, | D.C. No. 2:19-cv-00494-TLN-AC |
| v. | |
| DEPARTMENT OF VETERANS AFFAIRS; UNITED STATES OF AMERICA, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Submitted May 17, 2022[**]

Before:     CANBY, TASHIMA, and NGUYEN, Circuit Judges.

Anthony L. Manning appeals pro se from the district court's judgment in his

Federal Tort Claims Act ("FTCA") action.  We have jurisdiction under 28 U.S.C.

§ 1291.  We review de novo.  *Sandoval v. County of Sonoma*, 912 F.3d 509, 515

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

(9th Cir. 2018) (summary judgment); *Warren v. Fox Fam. Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003) (dismissal for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1)). We affirm.

The district court properly granted summary judgment on Manning's claim alleging negligence in the treatment of his mental health issues because Manning failed to raise a genuine dispute of material fact as to whether the medical treatment he received breached the applicable standard of care. *See Conrad v. United States*, 447 F.3d 760, 767 (9th Cir. 2006) (FTCA actions are governed by the substantive law of the state in which the alleged tort occurred); *Powell v. Kleinman*, 59 Cal. Rptr. 3d 618, 626 (Ct. App. 2007) (setting forth elements of a medical malpractice claim and explaining that the plaintiff must present expert evidence to establish "that the defendant breached his or her duty to the plaintiff and that the breach caused and that the breach caused the injury to the plaintiff").

The district court properly dismissed for lack of subject matter jurisdiction under the Veterans' Judicial Review Act ("VJRA") Manning's claim alleging that the Department of Veterans Affairs wrongfully denied him benefits for sleep apnea and failed to schedule an appointment with a pulmonary specialist. *See* 38 U.S.C. § 511(a); *Tunac v. United States*, 897 F.3d 1197, 1202, 1205-06 (9th Cir. 2018) (explaining that the VJRA precludes district court jurisdiction over claims relating to or affecting the provision of benefits to veterans, including claims alleging

"administrative negligence in scheduling appointments"). The district court did not abuse its discretion by dismissing this claim without leave to amend because further amendment would be futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (dismissal without leave to amend is proper if amendment would be futile).

The district court did not abuse its discretion by denying Manning's request to reopen discovery and "revert" to the pre-discovery phase of the action because Manning failed to raise any concerns about the court closures caused by the COVID-19 pandemic until his objections to the magistrate judge's findings and recommendation—nearly a year after the court closures went into effect. *See* Fed. R. Civ. P. 16(b)(4); *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609-10 (9th Cir. 1992) (setting forth standard of review and explaining that Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the modification of the court's scheduling order).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

3                                                                              21-15501